UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES E. HULLVERSON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12-CV-00144-JAR |
| ) | |
| JOHN E. HULLVERSON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss and/or Strike Plaintiff's Complaint [ECF No. 16] and Plaintiff's Motion to Strike or to Disregard Defendants' Untimely Reply [ECF No. 20]. The motions are fully briefed and ready for disposition.

**Background**

Plaintiff James E. Hullverson, Jr. (hereinafter "Plaintiff') filed this lawsuit against his family members John E. Hullverson and Thomas C. Hullverson, former law partners Stephen Ringkamp, Mark Becker, and Thomas Burke, and former law firm, The Hullverson Law Firm, P.C., (collectively "Defendants"), alleging violations of the Lanham Act, 15 U.S.C. § 1125, and various Missouri Rules of Professional Conduct. Specifically, Plaintiff claims that Defendants, by continuing to reference John and Thomas Hullverson in their advertising when they are voluntarily "inactive" members of the Missouri Bar, are engaging in false and misleading advertising constituting unfair competition and the promotion of the unauthorized practice of law. Defendants urge dismissal of Plaintiff's claims in their entirety or, in the alternative, that any reference to the Missouri Rules of Professional Conduct or alleged violation of the ethics rules be stricken from the Complaint.

**Legal Standard**

In ruling on a motion to dismiss, the Court must view the allegations in the complaint liberally in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir.2008) (citing Luney v. SGS Auto Servs., 432 F.3d 866, 867 (8th Cir.2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir.2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317 (8th Cir.2004). The issue on a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his or her claim. Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir.1995).

**Discussion**

**Plaintiff's Motion to Strike**

On March 19, 2012, Defendants filed their Motion to Dismiss and/or Strike Plaintiff's Complaint. (Doc. No. 16) Plaintiff filed his Response on March 26, 2012. (Doc. No. 18) Defendants filed their Reply in Support of their Motion to Dismiss and/or Strike Plaintiff's Complaint on April 5, 2012. (Doc. No. 19). Plaintiff argues that pursuant to Eastern District of

Missouri Local Rule 7-4.01(C), the deadline for Defendants to file a reply memorandum was April 2, 2012, seven days after Plaintiff filed his Response, and moves the Court to strike or disregard Defendants' reply as untimely filed.

Defendants filed their reply in accordance with the Federal Rules of Civil Procedure, and the Local Rules of the Eastern District of Missouri. Local Rule 7-4.01(C) allows seven days to file a reply memorandum, and Rule 6(d) of the Federal Rules of Civil Procedure provides for an additional three days when electronic service is made pursuant to Rule 5(b)(2)(E). Section II (G) of the Eastern District of Missouri's administrative procedures for case management and electronic case filing states that "[t]he computation of response times remains governed by Fed.R.Civ.P. 6(a) and is unaffected by the conversion to electronic filing. Rule 6(d) provides for the addition of three days to the prescribed period both for service by mail and for service by electronic means." Local 38N Graphic Communications Conference/IBT v. St. Louis Post Dispatch, LLC, 2010 WL 2544942, at *1 n.1 (E.D. Mo. June 18, 2010). Defendants' reply memorandum was, therefore, due on April 5, 2012. The reply was timely filed and will be considered by the Court. Plaintiff's motion to strike Defendants' reply will be denied.

**Defendants' Motion to Dismiss and/or Strike**

**A. Alleged Violations of the Missouri Rules of Professional Conduct**

Throughout his 56-page complaint, Plaintiff alleges Defendants have violated various Missouri Rules of Professional Conduct by continuing to include references to Thomas and John Hullverson in the firm's advertisements when they are voluntarily "inactive" members of the Missouri Bar.[1]

---

[1] Plaintiff acknowledges delivering a copy of his Complaint to the Missouri Office of Disciplinary Counsel and that his allegations are being investigated. (Doc. No. 18, p. 3) Thus, the appropriate Missouri state authority has been notified of this matter.

In support of their motion, Defendants argue that alleged violations of the Rules of Professional Conduct do not give rise to an independent cause of action. They cite the "scope" section of the Missouri Rules of Professional Conduct which states that "[v]iolation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption that a legal duty has been breached . . . The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability." Mo.Rules of Prof'l Conduct, Scope, ¶ 7. See also Danzig v. Butler County, 2007 WL 2137813, at *5 (E.D. Mo. July 23, 2007) ("Even if Plaintiff had alleged facts to show a violation of the Missouri Rules of Professional Conduct, which he has not, that is insufficient to form the basis of a civil cause of action.") (Memorandum in Support, Doc. No. 17, p. 4) Defendants have also provided this Court with numerous examples of federal and Missouri courts holding that alleged violations of rules of professional conduct do not give rise to a civil cause of action against an attorney. (Id., p. 5)

Plaintiff responds that Defendants' violations of the Rules are integral to his false advertising claim and "provide an objective pre-determined framework for considering what is 'misleading' in addition to being 'false.'" (Plaintiff's Response, Doc. No. 18, p. 12)

Plaintiff's repeated references to the Missouri Rules of Professional Conduct are insufficient to form the basis of a civil cause of action. Mo.Rules of Prof'l Conduct R. 4-3.1 at Preamble; Danzig, 2007 WL 2137813, at *6. Moreover, the Court finds such references immaterial to his Lanham Act claims. Accordingly, Plaintiff's allegations concerning purported violations of the Missouri Rules of Professional Conduct will be dismissed. Further, any

4

references to the Missouri Rules of Professional Conduct will be stricken as immaterial from any Lanham Act Claim.

**B. Lanham Act, 15 U.S.C. § 1125(a)**

Plaintiff's Complaint states causes of action for unfair competition or trademark infringement under section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), "cyberpiracy" under section 43(d) of the Lanham Act, 15 U.S.C. § 1125 (d), and false advertising under § 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125 (a)(1)(B). (Complaint, Doc. No. 5, ¶¶ 1, 2) Plaintiff seeks to enjoin Defendants from continuing to advertise that Defendants John and Thomas Hullverson are attorneys in the Hullverson Law Firm when they are "inactive" and unauthorized to practice law in Missouri, and from linking Plaintiff's internet domain with Defendants' www.hullverson.com website. Plaintiff also requests the Court declare the promotion of the unauthorized practice of law a public nuisance and order Defendants to inventory and abate the nuisance. Plaintiff seeks monetary damages and attorneys fees. (Id., ¶ 2)

Defendants urge dismissal of Plaintiff's unfair competition or trademark infringement claims and his cyberpiracy claim on the grounds that he cannot establish ownership of a valid trademark. (Doc. No. 17, pp. 8-10) With respect to Plaintiff's claim for false advertising, Defendants contend that the allegedly false statements implying a continued relationship between John and Thomas Hullverson and the firm do not address the "nature, characteristics or qualities" of Defendants' products or services and, therefore, fail as a matter of law. (Id., pp. 11-13)

**Trademark Infringement and Unfair Competition**

The Lanham Act protects consumers by broadly prohibiting the use of trademarks[2] that are likely to cause confusion about the source of a product or service, and also protects producers from unfair practices by an "imitating competitor." Moseley v. V Secret Catalogue, Inc., 537 U.S. 418, 428 (2003). Section 43(a) of the Lanham Act provides:

> Any person who, on or in connection with any goods or services ... uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association ... or as to the origin, sponsorship, or approval of ... goods, services, or commercial activities ... shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1)(A)-(B)

The same facts which support a claim for federal unfair competition will also support a claim for trademark infringement. Gilbert/Robinson, Inc. v. Carrie Beverage-Missouri, Inc., 758 F.Supp. 512, 527 (E.D. Mo. 1991). See also Hubbs Mach. & Mfg., Inc. v. Brunson Instrument Co., 635 F.Supp. 2d 1016, 1018 (E.D. Mo. 2009). To establish a claim for either trademark infringement or unfair competition, a plaintiff must generally prove ownership of a valid trademark and the likelihood that the defendant's allegedly infringing mark would be confused with the valid mark. § 43 (a); Steak n Shake Co. v. Burger King Corp., 323 F.Supp.2d 983, 991 (E.D. Mo. 2004).

---

[2] A trademark is defined at 15 U.S.C. § 1127 as including "any word, name, symbol, or device or any combination thereof" used by any person "'to identify and distinguish his or her goods, including a unique product from those manufactured or sold by others and to indicate the sources of the goods, even if that source is unknown."

In his Complaint, Plaintiff alleges ownership of the trademark "Hullverson & Hullverson" and that he has obtained a federal registration for his trademark. (Compl., ¶109; Doc. No. 1-3). Plaintiff further alleges that given the similarity in the names of Plaintiff James E. Hullverson, Jr., and Defendants John E. Hullverson, Thomas C. Hullverson, and "The Hullverson Law Firm," there is a substantial risk that people will confuse Plaintiff, who practices law in Missouri, with all of the Hullverson defendants. As a competitor of Defendants, Plaintiff alleges he may be damaged thereby. (Compl. ¶¶12-14)

Defendants dispute Plaintiff's factual allegations, arguing that their use of The Hullverson Law Firm mark predates Plaintiff's first use of his mark by at least twenty years. (Doc. No. 17, pp. 8-10) Defendants claim Plaintiff's first commercial use of his purported Hullverson mark occurred when he left the employ of Defendants and started his own Hullverson & Hullverson law firm in 1998.

As discussed above, on a motion to dismiss for failure to state a claim, this Court must accept all of Plaintiff's allegations as true and construe disputed facts in favor of Plaintiff. In so doing, the Court accepts Plaintiff's allegations that he is the owner of the federally registered Hullverson & Hullverson mark. Registration of a mark creates a rebuttable presumption that the mark is valid. Hubbs Mach. & Mfg., Inc. v. Brunson Instrument Co., 635 F.Supp.2d 1016, 1018 (E.D.Mo. 2009) (citing Aromatique, Inc. v. Gold Seal, Inc., 28 F.3d 863, 869 (8th Cir.1994)). The Court also accepts Plaintiff's allegations regarding the factors that may lead to a likelihood of confusion between Plaintiff's mark and Defendants' mark. Thus, the Court finds at this juncture that Plaintiff has stated a plausible claim for relief under Section 43(a) of the Lanham Act.

**Cyberpiracy**[3]

Cyberpiracy is defined as "registering or using with a bad faith intent to profit a domain name that is confusingly similar to a registered or unregistered mark or dilutive of a famous mark." § 43(d); Coca-Cola Co. v. Purdy, 382 F.3d 774, 778 (8th Cir. 2004). To prevail on a claim under Section 43(d), a plaintiff must establish that: (1) it has a valid trademark entitled to protection; (2) its mark is distinctive or famous; (3) the defendant's domain name is identical or confusingly similar to, or in the case of famous marks, dilutive of, the owner's mark; and (4) the defendant used, registered, or trafficked in the domain name (5) with a bad faith intent to profit. DaimlerChrysler v. The Net Inc., 388 F.3d 201, 204 (6th Cir. 2004) (citing Ford Motor Co. v. Catalanotte, 342 F.3d 543, 546 (6th Cir.2003)).

In his Complaint, Plaintiff alleges Defendants have linked his Hullverson & Hullverson L.C. internet domain to their www.hullverson.com website, thereby misappropriating his name and the name of his firm and directing traffic away from Plaintiff and to Defendants. (Compl. ¶¶102-110) Defendants challenge Plaintiff's claim that he has a valid trademark entitled to protection against Defendants. Again, on a motion to dismiss, the Court accepts all of Plaintiff's allegations as true and construes disputed facts in his favor. Accordingly, the Court finds at this

---

[3] In 1999 Congress passed the Anticybersquatting Consumer Protection Act (ACPA) in order to prevent misappropriation of trademarks by stopping conduct known as "cybersquatting." See ACPA, Pub.L. No. 106–113, 113 Stat. 1501 (1999) (codified at 15 U.S.C. § 1125(d)). In the ACPA Congress added section 43(d) to the Lanham Act. Coca-Cola Co. v. Purdy, 382 F.3d 774, 778 (8th Cir. 2004).

juncture that Plaintiff has stated a plausible claim for relief under Section 43(d) of the Lanham Act.

**False or Misleading Advertising**

The Lanham Act permits competitors to challenge commercial advertising that misrepresents the nature, characteristics, qualities, or origin of the advertiser's or another person's goods, services, or commercial activities. § 43 (a)(1)(B). The elements of a false advertising claim under the Act are: (1) that defendant made a false statement of fact about its own or another's product in a commercial advertisement; (2) that the statement actually deceived or has a tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as result. Buetow v. A.L.S. Enterprises, Inc., 650 F.3d 1178, 1182-83 (8th Cir. 2011) (citing Untied Indus. Corp. v. Clorox Co., 140 F.3d 1175, 1180 (8th Cir. 1998)).

In his Complaint, Plaintiff alleges that from 2000 to the present, Defendants have represented that John and Thomas Hullverson are attorneys in the Hullverson Law Firm when in fact they are "inactive" and unauthorized to practice law in Missouri. Plaintiff sets out the evolution of Defendants' advertising with illustrations year-by year showing that John and Thomas Hullverson's names continue to appear prominently on the signage at Defendants' business office, The Hullverson Law Firm, P.C., 1010 Market St., Suite 1480, St. Louis, Missouri, as well as in telephone directories and on the firm's website despite the fact that John and Thomas Hullverson are no longer practicing law in Missouri. (Complaint, Doc. No. 1 year 2000, ¶¶ 25- 29; year 2001, ¶¶ 30-35; years 2002-3, ¶¶ 36-43; year 2003, ¶¶ 44-50; year 2004, ¶¶

9

51-59; year 2005, ¶¶ 60-72; year 2006-7, ¶¶ 73-91; years 2007-8, ¶¶ 91, 92; years 2010-11, ¶ 93) Plaintiff further alleges these representations were made in commerce and work an illegal "bait-n-switch" on potential legal clients ( Id., ¶¶ 35, 96) and created a risk of confusion or deception.

In support of their motion to dismiss, Defendants argue that even accepting Plaintiff's allegations regarding the purportedly false statements regarding John and Thomas Hullverson's affiliation with The Hullverson Law Firm, P.C., such statements do not relate to the "nature, characteristics and qualities" of Defendants' services and thus are not a proper basis for Plaintiff's false advertising claims. (Doc. No. 17, pp. 11-12)

Plaintiff responds that the Lanham Act also prohibits commercial advertising that misrepresents the "origin of services," and that services originate in the providers of those services. Specifically, legal services originate in the lawyers admitted to practice law. (Doc. No. 18, pp. 10-11) Plaintiff claims that for more than ten years, Defendants have advertised that the services of John and Thomas Hullverson have been available through The Hullverson Law Firm when in fact neither one is practicing law in Missouri, and cites Haymond v. Lundy, 2001 WL 15956 (E.D. Pa. January 5, 2001), as an example of a court entertaining a false advertising claim brought by a lawyer against his former partner under § 1125 of the Lanham Act. (Id., p. 13)

Because at this stage of the proceedings the Court must resolve any ambiguities concerning the sufficiency of the claims in favor of Plaintiff, the Court finds the complaint contains enough facts to state a plausible claim for false or misleading advertising under the Lanham Act.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss and/or Strike Plaintiff's Complaint [16] is **GRANTED** in part.

**IT IS FURTHER ORDERED** that Plaintiff's allegations concerning purported violations of the Missouri Rules of Professional Conduct are dismissed and that all references to the Missouri Rules of Professional Conduct are stricken as immaterial from the Lanham Act claims. The following paragraphs and sub-paragraphs of Plaintiff's complaint are ordered stricken in their entirety:

Paragraphs 17-20; 23-24; 100; 106[4]; Count I, paragraphs (a), (b) and (c); Count II, paragraphs (a), (b), (c) and (m); Count III, paragraphs (a), (b) and (m); Count IV, paragraphs (a) and (b); Count V, paragraphs (a) and (b); and Count VI, paragraphs (a) and (b).

**IT IS FURTHER ORDERED** that the following language is stricken from other paragraphs and sub-paragraphs of Plaintiff s Complaint:

Paragraph 7: ", and then defendants' office sign violates Rules 4-7.1, 4-7.2, and 4-75 in making false or misleading statements with respect to John Hullverson, promoting public nuisance;"

Paragraph 9: ", and defendants' office sign violates Rules 4-7.1, 4-7.2, and 4-7.5 in making false or misleading statements with respect to Thomas C. Hullverson;"

Paragraph 21: ", and consequently the signage violates Rules 4-7.1, 4-7.2, and 4-7.5;"

Paragraph 22: "violates Rules 4-7.1, 4-7.2, 4-7.5, is unethical;"

Paragraph 29: "in violation of Rules 4-7.1, 4-7.2; 4-7.5, and unethical misconduct by one

---

[4]Plaintiff's complaint contains two consecutive paragraphs numbered 106. Only the first of these paragraphs is ordered stricken.

or more defendants under 4-8.4;"

Paragraph 35: "In each commercial communication defendants made in 2001 that John E. HulIverson was at The Hullverson Law Firm in St. Louis, Missouri, defendants violated Rules 4-7.1, 4-7.2, 4-75;"

Paragraph 42: "Rules 4-71, 4-7.2, 4-7.5, and 4-8.4, and;"

Paragraph 50: "violated Missouri Rules 4-7.1, 4-7.2, 4-7.5, and 4-8.5, and;"

Paragraph 59: "violated Rules 4-7.1, 4-7.2, 4-7.5, and 4-8.4, and;"

Paragraph 72: "violated Rules 4-7.1, 4-7.2, 4-7.5, and 4-8.4, and that";

Paragraph 84: "defendants violated Rules 4-7.1, 4-7.2, 4-7.5, and 4-8.4, and";

Paragraph 91: "in violation of Rules 4-7.1, 4-7.2, 4-7.5,";

Paragraph 96: "violates Rules 4-7.1, 4-7.2, 4-7.5, and 4-8.4, and";

Paragraph 97: ", and a violation of Rule 4-7.4,";

Count I, paragraph (e): "from his Rule violation and";

Count II, paragraph (f): "Rule violation and";

Count III, paragraph (f): "Rule violations and";

Count IV, paragraph (f): "Rule violations and";

Count V, paragraph (1): "Rule violations and"; and

Count VI, paragraph (f): "Rule violations and".

**IT IS FURTHER ORDERED** that as to Plaintiff's claims under the Lanham Act, the motion is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file a redacted amended complaint within ten (10) days from the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike or to Disregard Defendants' Untimely Reply [20] is **DENIED**.

Dated this 3rd day of December, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE